# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: August 17, 2022

Mr. Jimmie Leon Gordon
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

Re:  Case No. 21-1832, *Jimmie Gordon v. Sherry Burt, et al*
Originating Case No. : 1:21-cv-00415

Dear Mr. Gordon,

   The Court issued the enclosed Order today in this case.  Judgment to follow.

Sincerely yours,

s/Jennifer A. Strobel
Case Manager
Direct Dial No. 513-564-7019

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 21-1832

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────────┐
│            FILED                │
│         Aug 17, 2022            │
│   DEBORAH S. HUNT, Clerk        │
└─────────────────────────────────┘
```

JIMMIE LEON GORDON,                      )
                                         )
    Plaintiff-Appellant,            )
                                         )   ON APPEAL FROM THE UNITED
v.                                       )   STATES DISTRICT COURT FOR
                                         )   THE WESTERN DISTRICT OF
SHERRY L. BURT, et al.,                  )   MICHIGAN
                                         )
    Defendants-Appellees.           )

<u>O R D E R</u>

Before:  SILER, MOORE, and WHITE, Circuit Judges.

Jimmie Leon Gordon, a pro se Michigan prisoner, appeals the district court's judgment sua sponte dismissing his federal civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e for failure to state a claim for relief. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Gordon is confined at Muskegon Correctional Facility (MCF). In May 2021, Gordon filed a 42 U.S.C. § 1983 civil rights complaint against Warden Sherry L. Burt and Deputy Warden Darrell M. Steward, claiming they violated the Eighth Amendment by displaying deliberate indifference to the risk presented to him by COVID-19. He also alleged that the prison law librarian, Elisia Hardiman, violated his First Amendment right of access to the courts and was guilty of disability discrimination. For purposes of this appeal, we assume that the following factual allegations from Gordon's complaint are true.

In March 2020, Michigan Governor Gretchen Whitmer issued an order to the Michigan Department of Corrections (MDOC) to implement COVID-19 mitigation protocols issued by various public health organizations, including the Centers for Disease Control (CDC). Among these safety measures was a recommendation to institute social distancing, i.e., keeping at least six feet from another person. Additional CDC bulletins warned of the heightened risk of COVID-19 transmission in prisons because of the communal living conditions for prisoners and their inability to maintain social distancing.

In July 2020, Warden Burt announced the first prisoner case of COVID-19 at MCF. Warden Burt and Deputy Warden Steward devised a plan to transfer prisoners who had had "close contact"[1] with COVID-positive prisoners into Gordon's housing unit. These close-contact prisoners were permitted to commingle freely with non-close-contact prisoners in Gordon's unit, including Gordon. The corrections officers in charge of Gordon's unit failed to instruct the prisoners to sanitize areas occupied by close-contact prisoners.

Once prisoners began to file grievances about being housed with the close-contact prisoners, Warden Burt and Deputy Warden Steward decided to transfer the non-close-contact prisoners, including Gordon, to the prison's gymnasium for housing. However, the prisoners could not maintain social distancing in the gymnasium; moreover, ventilation was inadequate. Gordon complained to prison officials that the gymnasium did not comply with the CDC guidelines, but he was informed that his only other option was to be housed in segregation. R.1 (Compl. ¶¶ 23–24) (Page ID #3). Gordon contracted COVID-19 four to five days after being transferred to the gymnasium. He was then transferred to an isolation unit, where he recovered.

Gordon is functionally illiterate due to a mental disability. He therefore asked the librarian, Hardiman, to provide him with assistance under the prison legal-writer program in preparing and

---

[1] Under CDC guidelines, "close contact" means that a person was "less than 6 feet away from someone with confirmed or suspected COVID-19" for "a cumulative total of 15 minutes or more over a 24-hour period." Centers for Disease Control and Prevention, *How to Determine a Close Contact for COVID-19* (Feb. 4, 2022) (emphasis omitted) (available at How to Determine a Close Contact for COVID-19 | CDC (last visited June 13, 2022)).

filing an institutional grievance so that he could exhaust his administrate remedies before filing a deliberate-indifference complaint in federal court.  Hardiman refused his request.  Gordon was able to prepare and file the necessary paperwork with the help of another prisoner, however.

In his verified § 1983 complaint, Gordon alleged that Warden Burt and Deputy Warden Steward were deliberately indifferent to the risk presented to him by COVID-19 by transferring the close-contact prisoners into his housing unit and then by quartering him in the gymnasium. Additionally, Gordon claimed that these actions amounted to gross negligence under Michigan law.  Gordon also claimed that Hardiman violated his First Amendment right of access to the courts by denying his request for assistance under the legal-writer program.  Further, Gordon alleged that Hardiman's refusal constituted disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12132, et seq.  Gordon sued each of the defendants in his or her individual capacity only.

The district court granted Gordon leave to proceed in forma pauperis and then, upon initial screening of the complaint pursuant to §§ 1915(e)(2), 1915A, and 1997e, ruled that he had not stated a claim for relief.

First, the district court concluded that Gordon's deliberate-indifference claim failed as a matter of law because, although the COVID-19 pandemic presented an objectively serious threat to Gordon's health and safety, he failed to plead facts demonstrating that Warden Burt and Deputy Warden Steward acted in reckless disregard of that risk.  In support of that conclusion, the court observed that "Plaintiff does not allege facts showing that Defendants Burt and Steward knowingly exposed Plaintiff, or any other prisoner, to a COVID-19 positive prisoner."  (R. 6, PageID 29). Additionally, the court reasoned that "[t]he mere fact that close-contact prisoners were housed in the same unit does not necessitate a finding that they were housed in the same cells as COVID-19 negative prisoners, or that they were allowed to be in the communal areas of the unit unmasked and to use those areas at the same time uninfected prisoners were present."  (*Id.*).  The district court also thought that it was consequential that Gordon failed to allege that he had any medical conditions that made him particularly vulnerable to COVID-19.  Finally, in concluding that the

defendants did not recklessly disregard the risk presented by COVID-19, the district court took judicial notice of procedures to mitigate transmission of the virus that the MDOC had published on its official website, including distributing masks to prisoners and isolating infected and close-contact prisoners from the general population.  In view of these procedures, the court concluded that "the mere fact that prisoners were housed in dormitory style units is insufficient to establish deliberate indifference."  (*Id.*, PageID 30-31).

Second, the district court concluded that Gordon's First Amendment claim against Hardiman failed because his right of access to the courts did not encompass the right to file institutional grievances.  And the court concluded that Gordon failed to state a claim for disability discrimination because the federal discrimination statutes do not provide for liability against individuals.

The district court therefore dismissed Gordon's complaint.  The court did not specifically address Gordon's state-law claim for gross negligence.

Gordon then filed a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), contending that the district court had made two errors in dismissing his deliberate-indifference claim.  First, Gordon argued that the court improperly made credibility determinations and failed to accord his allegations the presumption of truth in finding that the defendants had not subjectively disregarded the risk presented to him by COVID-19.  Second, Gordon argued that the district court erred in taking judicial notice of and crediting the mitigation procedures published on the MDOC's website.  For instance, Gordon pointed out that, contrary to the regulations, the close-contact prisoners were not isolated from other prisoners (and indeed, they were purposefully housed in his unit) and the areas that they occupied were not properly sanitized.  The district court summarily denied the motion, finding that Gordon had "merely reassert[ed] the facts set forth in his underlying complaint" and therefore that his "motion d[id] not provide any basis for reconsideration."  (R. 9, PageID 53).

In his timely appeal, Gordon argues that the district court erred in concluding that he failed to state a deliberate-indifference claim and in denying his Rule 59(e) motion.  Gordon does not

address the district court's dismissal of his First Amendment, disability-discrimination, and state-law negligence claims.  Consequently, Gordon has abandoned those claims on appeal.  *See Lyle v. Jackson*, 49 F. App'x 492, 493–94 (6th Cir. 2002).

We review de novo a district court's decision to dismiss a complaint under §§ 1915(e), 1915A, and 1997e.  *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008).  The PLRA "requires district courts to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief."  *Id.* at 572 (citing 28 U.S.C. § 1915A(b)); *see also* 28 U.S.C. § 1915(e)(2)(B).  We review the dismissal of claims at screening under the standard set out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  To state a claim under § 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated and (2) the violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  As a pro se litigant, Gordon is entitled to a liberal construction of his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

A deliberate-indifference claim under the Eighth Amendment includes both an objective and a subjective prong:  (1) the inmate "is incarcerated under conditions posing a substantial risk of serious harm" (the objective prong), and (2) "the official knows of and disregards an excessive risk to inmate health or safety" (the subjective prong).  *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), we stated that "the objective prong is easily satisfied" in this context, *id.* at 840.  "The COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death."  *Id.*  "The transmissibility of the

COVID-19 virus in conjunction with [a prison's] dormitory-style housing—which places inmates within feet of each other—and [an inmate's] health risks, presents a substantial risk that [an inmate] will be infected with COVID-19 and have serious health effects as a result, including, and up to, death." *Id.*

The subjective prong, on the other hand, generally requires alleging at least that the defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* (quoting *Farmer*, 511 U.S. at 842). "The official must have a subjective 'state of mind more blameworthy than negligence,' akin to criminal recklessness." *Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020) (quoting *Farmer*, 511 U.S. at 835). "The key inquiry is whether the [defendants] 'responded reasonably to the risk' . . . posed by COVID-19." *Wilson*, 961 F.3d at 840-41 (quoting *Farmer*, 511 U.S. at 844) (alterations added and omitted). And a response may be reasonable even if "the harm imposed by COVID-19 on inmates . . . 'ultimately [is] not averted.'" *Id.* at 841 (quoting *Farmer*, 511 U.S. at 844).

We conclude that Gordon sufficiently stated a deliberate-indifference claim against defendants Burt and Steward.

First, as just stated, housing prisoners in dormitory style quarters during the COVID-19 pandemic easily satisfies the objective prong.

Second, Gordon pleaded sufficient facts to satisfy the subjective prong. As highlighted by Gordon, many public health organizations warned of the particular risk that COVID-19 presents to prisoners and hence the need to implement and maintain social distancing. The MDOC recognized as much in developing procedures to segregate COVID-positive and close-contact prisoners from other prisoners and to sanitize areas occupied by close-contact prisoners. Yet, according to Gordon, whose allegations we must accept as true, the defendants disregarded these procedures by purposefully housing him with close-contact prisoners, allowing close-contact prisoners to commingle freely with other prisoners, and not sanitizing areas occupied by close-contact prisoners. In view of these allegations, the district court erred in concluding that the MDOC's publication of COVID-mitigation procedures defeated Gordon's claim that the

No. 21-1832
- 7 -

defendants subjectively disregarded the risk presented by COVID-19.  *See Brooks v. Washington*, No. 21-2639, 2022 U.S. App. LEXIS 8451, at *5–7 (6th Cir. Mar. 30, 2022) (order).  Moreover, like the district court in *Brooks*, the district court here erred in relying on *Wilson* and *Cameron* to conclude that the mere publishing of the mitigation procedures showed that the defendants were not deliberately indifferent to the risk presented to Gordon because both of those cases were decided on motions for preliminary injunctions after factual development of the record in the district courts.  *See id.* at *7.  "Thus, while [Gordon] may ultimately be unsuccessful in securing the relief he seeks, he has nevertheless put forth sufficient allegations that the defendants knew of and disregarded an excessive risk to inmate health or safety."  *Id.* at *7–8.

For these reasons, we **VACATE** the district court's judgment dismissing Gordon's deliberate-indifference claim pursuant to § 1915(e)(2) and **REMAND** that claim to the district court for further proceedings.  Having reached this conclusion, we do not need to address Gordon's argument that the district court erred in denying his Rule 59(e) motion.  We **AFFIRM** the district court's judgment dismissing Gordon's other claims.

Siler, J., would affirm based on the decision by the district court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk