UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEON GORDON,

    Plaintiff,

v.

    Case No. 1:21-cv-415

S. BURT, et al.,

    HON. JANET T. NEFF

    Defendants.
_____/

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss based on qualified immunity. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the motion be granted and that the case be dismissed (ECF No. 55). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 58). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity because it was not clearly established that Defendants' COVID-19 response violated the Eighth Amendment.

    It is clearly established that prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease" under the Eighth Amendment. *Helling*

*v. McKinney*, 509 U.S. 25, 33 (1993). However, the Supreme Court has instructed lower courts "not to define clearly established law at a high level of generality" but rather assess "whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna,* 577 U.S. 7, 12 (2015) (cleaned up). The question in this case is whether it was clearly established in the Summer of 2020 that Defendants' decisions (1) to place close-contact COVID-19 prisoners with other non-close-contact prisoners in the same housing unit and (2) to house non-close-contact prisoners in a dormitory-style setting with less than six feet of social distancing between bunks and only floor fans for ventilation violated the Eighth Amendment.

Plaintiff argues that the law was clearly established. He first relies on the CDC's Interim Guidance. However, the CDC's Interim Guidance cannot not make the law clearly established. *See Mays v. Dart*, 947 F.3d 810, 823 (7th Cir. 2020) ("The CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard.").

Plaintiff next relies on the emergency orders of the Michigan governor. This argument was not raised before the Magistrate Judge and is therefore waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013). In fact, Plaintiff argued in his underlying response brief that the emergency orders were illegal and the Michigan governor lacked the authority to issue the orders (ECF No. 49 at PageID.424-26). Even if Plaintiff did not waive this argument, the Court is not persuaded that the emergency executive orders issued pursuant to state law—which the Michigan Supreme Court subsequently held unconstitutional, *see In re Certified Questions From United States District Court for the Western District of Michigan, Southern Division*, 958 N.W.2d 1, 25 (Mich. 2020)—are sufficient to satisfy the clearly established prong of the qualified immunity test.

Plaintiff also cites several cases that he claims have similar fact patterns, but each case is distinguishable. To begin, none of the cases involved a novel disease like the COVID-19 virus. *See Helling v. McKinney*, 509 U.S. 25 (1993) (environmental tobacco smoke); *DeGidio v. Pung*, 704 F. Supp. 922 (D. Minn. 1989) (tuberculosis); *Keller v. Cnty. of Bucks*, No. 03-4017, 2005 WL 675831 (E.D. Pa. Mar. 22, 2005) (MRSA). As several district courts have recognized, the COVID-19 virus is "unprecedented" and "official guidance on recommended safety measures is continuously changing." *Ryan v. Nagy*, No. 2:20-cv-11528, 2021 WL 6750962 at *9 (E.D. Mich. Oct. 25, 2021), *report and recommendation adopted in part*, 2022 WL 260812 (E.D. Mich. Jan. 26, 2022); *Tate v. Arkansas Dep't of Corrs.*, No. 4:20-CV-558, 2020 WL 7378805 at *11 (E.D. Ark. Nov. 9, 2020), *report and recommendation adopted,* 2020 WL 7367864 (E.D. Ark. Dec.15, 2020).

Furthermore, the facts of the cases cited by Plaintiff are materially different from the facts in Plaintiff's case. For example, in *Helling*, the plaintiff was assigned to a cell with another prisoner who smoked five packs a day. 509 U.S. at 28. However, as correctly pointed out by the Magistrate Judge in this case, Plaintiff does not allege that he was placed in a cell with a COVID-19 positive prisoner or even a close-contact prisoner (ECF No. 55 at PageID.558).

In sum, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Court agrees with the Magistrate Judge that Plaintiff has not shown that as of August 2020, it was clearly established that Defendants' COVID-19 response violated the Eighth Amendment (ECF No. 55 at PageID.557).[1]

---

[1] The Court notes that the Magistrate Judge's recommendation to grant qualified immunity is consistent with several other district court decisions. *See, e.g., Jones,* 2022 WL 4244298 at *5; *Ross v. Russell*, No. 7:20-cv-774, 2022 WL 767093, *14 (W.D. Va. Mar. 14, 2022).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 58) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 55) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 38) is GRANTED.

**IT IS FURTHER ORDERED** that this Court does not certify that an appeal of this decision would not be taken in good faith.

Dated:  June 9, 2023                                       /s/ Janet T. Neff
                                                                                  JANET T. NEFF
                                                                                  United States District Judge